## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SIOUX STEEL COMPANY )<br>A South Dakota Corporation )<br>196 ½ East 6th Street )<br>Sioux Falls, South Dakota 57104 )<br>)<br>           Plaintiff )<br>) | |
| ) | Civil Action No. 1:16-cv-2212 |
| ) | Judge _____ |
| ) | Magistrate-Judge _____ |
| ) | |
| v. ) | *(Electronically Filed)* |
| ) | |
| PRAIRIE LAND MILLWRIGHT SERVICES, )<br>INC. )<br>An Illinois Corporation )<br>617 East U.S. Route 34 )<br>Mendota, IL 61342 )<br>   SERVE: Duane Chaon at above address )<br>)<br>)<br>)<br>           Defendant )<br>) | |

**COMPLAINT FOR PATENT INFRINGEMENT**
**(JURY TRIAL DEMANDED)**

Plaintiff, Sioux Steel Company ("Sioux Steel"), by counsel, for its Complaint against Defendant, Prairie Land Millwright Services, Inc. ("Prairie Land"), alleges as follows:

**INTRODUCTION**

1. This is an action for patent infringement under 35 U.S.C. § 271. Plaintiff Sioux Steel seeks monetary damages, enhanced damages (including treble damages), attorneys' fees, costs, and preliminary and permanent injunctive relief preventing continuing acts of infringement of Defendant Prairie Land.

2. This is also an action for false advertising and unfair competition under the Lanham Act (15 U.S.C. §1125(a)) and Illinois state law, for which injunctive relief and damages are sought.

## THE PARTIES

3. Sioux Steel is a corporation organized and existing under the laws of South Dakota, with its principal place of business at 196 ½ East Sixth Street, Sioux Falls SD 57104.

4. Sioux Steel is the owner by assignment of U.S. Patent No. 8,967,937 ("the '937 Patent"), which was duly issued by the U.S. Patent & Trademark Office ("PTO") on March 3, 2015, based upon Application Serial No. 13/229,406 filed September 9, 2011.

5. Upon information and belief, Prairie Land is a corporation organized and existing under the laws of Illinois, with its principal place of business at 617 East U.S. Route 34, Mendota, IL 61342 which is within this judicial District. According to records on file at the Illinois Secretary of State, Duane Chaon is Prairie Land's agent for service of process.

6. After a reasonable opportunity for further investigation or discovery, there is likely to be evidence that Prairie Land transacts business nationwide and has committed acts of patent infringement of the '937 Patent in this district and nationwide.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction by virtue of the fact that this is a civil action under the Patent Act, 35 U.S.C. § 1 *et seq.*, and the Lanham Act, 15 U.S.C. §1051 *et seq.,* jurisdiction being conferred over these claims in accordance with 28 U.S.C. §§ 1331 and 1338(a) and (b), as well as the Court's supplemental jurisdiction.

8. Prairie Land is an Illinois corporation and a resident of the State of Illinois, and has registered as an Illinois corporation with the Illinois Secretary of State.

9. After a reasonable opportunity for further investigation or discovery, there is likely to be evidence that Prairie Land transacts business nationwide, including within the State of Illinois and including within this judicial District.

10. After a reasonable opportunity for further investigation or discovery, there is likely to be evidence that Prairie Land's infringement of the '937 Patent and other acts alleged herein has

occurred and is occurring within the State of Illinois, including within this judicial District. Specifically, different models of a bin paddle sweep sold under the mark "Bin Gator" have been made, are being made, have been sold, are being sold, and/or are offered for sale by Prairie Land to purchasers nationwide, including purchasers within this judicial District, and Prairie Land's advertising and promotional materials are made available in Illinois to Illinois residents.

11. After a reasonable opportunity for further investigation or discovery, there is likely to be evidence that Prairie Land regularly solicits and conducts business in the State of Illinois, derives substantial revenue from goods sold in Illinois, and has sold and/or offered for sale and/or made, infringing "Bin Gator" bin paddle sweep goods in the State of Illinois, as set forth in more detail below.

12. On information and belief, venue is properly laid in this Court under 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(b), because a substantial part of the events or omissions giving rise to the claims occurred within this District, namely the transacting of business which on information and belief are and continue to be acts of infringement of the '937 Patent.

## FACTS COMMON TO ALL CLAIMS

*The Plaintiff and the '937 Patent*

13. For nearly 100 years, Sioux Steel has manufactured and sold a variety of high quality agricultural, industrial and farm products throughout the United States and internationally directly and through distributors, including, *inter alia*, a bin paddle sweep marketed under the trademark/brand "Daay Bin Paddle Sweep."

14. This action involves allegations of infringement of the '937 Patent by Prairie Land's "Bin Gator" bin paddle sweep products, which compete directly with Sioux Steel's Daay bin paddle sweep products made according to the '937 Patent.

15. Sioux Steel is the owner by assignment of, and claims all rights under, the '937 Patent, entitled <u>Modular Storage Bin Sweep System</u>, which was duly issued by the United States

Patent and Trademark Office ("PTO") on March 3, 2015.  A copy of the '937 Patent is attached hereto as **Exhibit 1** and incorporated by reference herein.

16.     Sioux Steel manufactures and markets, through itself and through its Koyker Manufacturing division, commercial bin paddle sweep commercial products made according to the '937 Patent (and/or other patents not involved in this action) under the mark/brand "Daay Bin Paddle Sweep."  An excerpt from a Sioux Steel brochure containing information about Sioux Steel's "Daay Bin Paddle Sweep" is attached hereto as **Exhibit 2** and incorporated herein by reference.

17.     Prairie Land has actual and/or constructive notice concerning the '937 Patent, including notice and knowledge that the '937 Patent exists and sufficient information to conclude that Prairie Land's "Bin Gator" bin sweep products infringe the '937 Patent.

18.     By virtue of its ownership of the '937 Patent, Sioux Steel has the right to exclude others from making, using, selling or offering to sell, or importing into the United States embodiments of the inventions claimed in the '937 Patent.  Sioux Steel has not authorized Prairie Land to make, use, sell or offer to sell, or import into the United States any invention claimed in the '937 Patent.

### *Defendant Prairie Land and Its Infringing "Bin Gator" Bin Paddle Sweep Products*

19.     Upon information and belief, Prairie Land is a manufacturer of farm products, including "Bin Gator" bin paddle sweep products (*see* www.prairielandmillwright.com).  Prairie Land is a direct competitor of Sioux Steel with respect to bin paddle sweep products.

20.     Upon information and belief, Prairie Land is marketing in the USA bin paddle sweep products under the name "Bin Gator", including a Single-Arm, a Twin Arm and an Arm-And-A-Half Bin Gator bin sweep products.  *See* excerpt from Prairie Land's website at http://www.prairielandmillwright.com/products/bin-gator-bin-sweeps, a printout of which is attached as **Exhibit 3** and incorporated herein by reference.

21. On information and belief, Sioux Steel's Daay Bin and Prairie Land's Bin Gator are the only bin paddle sweep products marketed in the United States, and there are no known acceptable non-infringing substitutes.

22. Plaintiff Sioux Steel has the capacity to meet the entire demand for bin paddle sweep products in the United States.

23. Prairie Land's website contains links to videos of Prairie Land's "Bin Gator" bin paddle sweep products in operation. A print out of the portion of Prairie Land's website containing the video link(s) is attached hereto as **Exhibit 4** and incorporated herein by reference.

24. Prairie Land's "Bin Gator" bin sweep products, and each of them (Single Arm, Twin Arm and Arm-And-A-Half) contain and utilize all of the structure set forth in at least claim 1 of the '937 Patent, including every element and limitation of at least claim 1 of the '937 Patent, as evidenced by excerpts of the video of the operation of Prairie Land's Single Arm "Bin Gator" bin paddle sweep products referred to Exhibit 4.

25. After a reasonable opportunity for further investigation or discovery, there is likely to be evidence, as detailed below, that the "Bin Gator" bin paddle sweep products, and each of them, made and marketed by Prairie Land in the USA violate the exclusive rights of Sioux Steel derived from the '937 Patent.

***Prairie Land's Campaign to Falsely Advertise its Own Paddle Sweep Products and/or to Disparage Sioux Steel's Daay Bin Sweep Products***

26. Prairie Land's commercial advertising and promotional materials have been published in the United States, including in Illinois, and contain false and/or misleading descriptions and representations of fact that misrepresent the nature, characteristics, and/or qualities of the goods, services, and/or commercial activities of Sioux Steel and Sioux Steel's products.

27. Attached as **Exhibit 4** is one example of Prairie Land's false and misleading commercial advertising and promotional material, namely Prairie Land's website that contains false and misleading statements of fact concerning a purported comparison of Prairie Land's "Bin Gator" bin paddle sweep products with Sioux Steel's "Daay Bin Paddle Sweep" bin paddle sweep products.

28. Prairie Land's commercial advertising and promotional materials, including Exhibit 4, are directed to purchasers of bin paddle sweep systems, the general public, and Sioux Steel's customers.

29. In its commercial advertisement shown in Exhibit 4, Prairie Land states:

> "Purchasing sweeps from other companies means purchasing an auger or [1] <u>a paddle sweep system not designed for commercial sized bins</u>. [2] <u>Those systems are also notorious for not actually sweeping the bin floor clean</u>."

30. The first underlined statement [1] quoted in Paragraph 29 is a literally false or misleading statement of fact about Sioux Steel's Daay Bin Paddle Sweep products (which is the only other bin paddle sweep product in the market).

31. Sioux Steel's Daay Bin Paddle Sweep products are designed for commercial sized bins.

32. The second statement [2] quoted in Paragraph 29 is literally false and misleading as applied to Sioux Steel's Daay Bin Paddle Sweep products (which is the only other bin paddle sweep product in the USA market).

33. Sioux Steel's Daay Bin Paddle Sweep products are not "notorious for not actually sweeping the bin floor clean."

34. The statements of Sioux Steel referenced in paragraph 29 above are material misrepresentations concerning Sioux Steel's Daay Bin paddle sweep product that is likely to impact the purchasing decision of a consumer for such products.

35. The statements of Sioux Steel referenced in paragraph 29 above have the capacity to deceive and did deceive consumers as to the nature or characteristics of Sioux Steel's products.

36. The statements of Sioux Steel referenced in paragraph 29 above were knowingly made for the purpose of creating a false impression concerning Sioux Steel's Daay Bin Paddle Sweep products with the intent to mislead actual and potential purchasers of Sioux Steel Daay Bin Paddle Sweep products so such purchasers would purchase Prairie Land's products instead of Sioux Steel's products, to the significant harm of Sioux Steel.

37. **Exhibit 4** constitutes advertising and/or promotional material issued by Prairie Land, and the statements in **Exhibit 4** concern Sioux Steel and Sioux Steel's products, as well as Prairie Land and Prairie Land's products.

38. After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that the false and misleading statements alleged herein were deliberate and malicious actions engaged in by Prairie Land with a malicious desire to harm Sioux Steel, Sioux Steel's business, and the reputation of Sioux Steel and Sioux Steel's products.

## COUNT I

### Infringement of the '937 Patent
### (35 U.S.C. § 271)

39. Plaintiff repeats and realleges paragraphs 1 through 38 of this Complaint as if set forth herein and further states:

40. Upon information and belief, Prairie Land, without permission or license from Sioux Steel, has unlawfully and wrongfully made, sold or offered for sale, and is now making, selling or offering for sale, in direct competition with Sioux Steel within the United States, including within this judicial district, the "Bin Gator" bin paddle sweep products.

41. On information and belief and as stated above (¶¶ 19-25), Prairie Land's "Bin Gator" bin paddle sweep products, and each of them, contain, embody and employ the invention(s) described and claimed in the '937 Patent, in violation of Sioux Steel's exclusive rights thereunder, and infringe at least one claim of the '937 Patent, including but not limited to claim 1, to the great loss and injury to Sioux Steel.

42. Upon information and belief, Prairie Land's unlawful making, selling or offering for sale, or contributing to the making, using, selling or offering to sell, or unlawfully inducing others to make, use, sell or offer to sell, "Bin Gator" bin paddle sweep products within the United States including within this judicial district constitutes infringement of the '937 Patent as aforesaid.

43. Upon information and belief, Prairie Land has derived, received, and will unless restrained and/or enjoined derive and receive from the aforesaid infringement of the '937 Patent, substantial gains, profits, and advantages, including gains profits and advantages from regular making and sales of infringing devices within this judicial district, in amounts to be proven at trial. As a direct and proximate result of the aforesaid infringement, Sioux Steel has been, and will be, greatly damaged and has been, and will be, deprived and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Sioux Steel is lawfully entitled and which they would have derived and received, but for the aforesaid infringement by Prairie Land.

## COUNT II
### Willful Patent Infringement
### (35 U.S.C. §§ 284, 285)

44. Sioux Steel repeats and realleges paragraphs 1 through 43 of this Complaint as if set forth herein, and further states:

45. Upon information and belief, Prairie Land had notice and knowledge of the '937 Patent, but despite such notice and knowledge have deliberately made, used, sold, offered for sale and/or imported the "Bin Gator" bin paddle sweep product, and thereby has infringed and

continues to infringe, has induced others to infringe and continues to induce others to infringe, and/or has contributed to the infringement and continues to contribute to infringement of the '937 Patent.

46. Because Prairie Land has infringed or induced others to infringe or contributed to the infringement of the '937 Patent despite notice and knowledge thereof, Prairie Land's foregoing infringement, inducement of infringement and/or contributing to the infringement of the '937 Patents-in-Suit has been, and continues to be, willful, deliberate, and in conscious disregard for and willfully blind to the rights of Sioux Steel under the '937 Patent.

## COUNT III
### Injunctive Relief

47. Sioux Steel Sioux Steel repeats and realleges paragraphs 1 through 46 of this Complaint as if set forth herein, and further states:

48. Upon a finding that Prairie Land's "Bin Gator" bin paddle sweep products infringe any claim of any of the '937 Patents, Sioux Steel is entitled to an order under 35 U.S.C. § 283 permanently enjoining Prairie Land from making, selling or offering for sale, and unlawfully importing the "Gator Bin" bin paddle sweep products into the United States.

## COUNT IV
### Lanham Act – False Advertising

49. Sioux Steel repeats and realleges paragraphs 1 through 48 of this Complaint as if set forth herein, and further states:

50. Prairie Land's activities, including but not limited to those specific allegations pleaded above as part of this Complaint, constitute false or misleading description of facts and/or false or misleading representation of facts made in commercial advertising and promotion that misrepresent the nature, characteristics, or qualities of Sioux Steel and/or Prairie Land's goods, services, and commercial activities in violation of section 43(a)(1)(B) of the Lanham Act (15 U.S.C. §1125(a)(1)(B)) and state law.

51. Prairie Land's false and/or misleading statements alleged herein deceived and/or had the capacity to deceive a significant portion of the relevant consuming public, and such statements are material and are likely to influence the purchasing decisions of the relevant consuming public.

52. After a reasonable opportunity for further investigation and discovery, there is likely to be evidentiary support that Prairie Land engaged in the activities described herein knowingly, and/or with intent to misrepresent the nature, characteristics, or quality of its or another's products, services, and/or commercial activities.

53. Sioux Steel has been damaged by the actions of Prairie Land alleged herein, including but not limited to suffering damage to its goodwill caused by the acts of Prairie Land alleged herein.

54. By reason of the acts alleged herein, Sioux Steel is likely to suffer, has suffered, is suffering and will continue to suffer monetary and irreparable damage and, unless Prairie Land is restrained from continuing its wrongful acts, the damage to Sioux Steel will be increased.

55. In addition to the specific statements and acts alleged in this Complaint, and after a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that Prairie Land has engaged in additional similar actions that constitute false advertising.

56. Sioux Steel has no adequate remedy at law.

## COUNT V
### Trade Libel

57. Sioux Steel repeats and realleges paragraphs 1 through 56 of this Complaint as if set forth herein and further states:

58. After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that Sioux Steel and Prairie Land have at least some common customers.

59. As alleged in the preceding paragraphs, Prairie Land has made myriad false and misleading statements concerning Sioux Steel's products.

60. Prairie Land intentionally published and distributed to the public the false, misleading, and deceptive statements in its advertising and promotional materials referenced earlier in these allegations with the specific intent to sell, distribute, and increase the consumption of Prairie Land's products and services, and to decrease the sales of Sioux Steel's products and services.

61. The false and misleading statements referenced herein have been published by Prairie Land through distribution of commercial advertising and promotion and disseminated to persons and entities other than Sioux Steel.

62. After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that Prairie Land intends for the publication of its statements alleged herein to deceive consumers and result in harm to the pecuniary interests of Sioux Steel, including but not limited to past and future lost earnings, extra costs incurred by Sioux Steel due to Prairie Land's actions.

63. After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that Prairie Land recognizes or should have recognized that its statements alleged herein would or will result in harm to the pecuniary interests of Sioux Steel.

64. In addition to the specific statements and acts alleged in these counterclaims, after a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that Prairie Land has engaged in additional similar actions that constitute trade libel.

65. By reason of the acts alleged herein, Sioux Steel is likely to suffer, has suffered, is suffering and will continue to suffer monetary and irreparable damage and, unless Prairie Land is restrained from continuing its wrongful acts, the damage to Sioux Steel will be increased.

66. Sioux Steel personnel were and are required to expend time and resources in attempts to assuage customer concerns brought on by Prairie Land's false and misleading statements.

67. The aforesaid acts of Prairie Land constitute trade libel in violation of Illinois state law.

## COUNT VI
## Illinois Consumer Fraud and Deceptive Trade Practices Act

68. Sioux Steel repeats and realleges each of the allegations in counterclaim paragraphs 1 through 67 of this Complaint, and further states:

69. Prairie Land made and published the above false statements concerning Sioux Steel's bin paddle sweep products with the specific intent to sell, distribute, and increase the consumption of Prairie Land's "Bin Gator" bin paddle sweep products, and to decrease the sales of Sioux Steel's products and services.

70. Prairie Land intends that consumers and purchasers of bin paddle sweep products rely on the false and misleading statements contained in Prairie Land's advertisements and promotional materials relating to bin paddle sweep products.

71. Sioux Steel has been damaged in a pecuniary manner by the actions of Prairie Land alleged herein, including but not limited to past and future lost earnings and extra costs incurred by Sioux Steel due to Prairie Land's actions in deceiving consumers.

72. Sioux Steel personnel were and are required to expend time and resources in attempts to assuage customer concerns brought on by Prairie Land's false and misleading statements.

73. By reason of the acts alleged herein, Sioux Steel is likely to suffer, has suffered, is suffering and will continue to suffer monetary and irreparable damage and, unless Prairie Land is restrained from continuing its wrongful acts, the damage to Sioux Steel will be increased.

74. Sioux Steel has no adequate remedy at law.

## COUNT VII
### Accounting

75. Sioux Steel repeats and realleges paragraphs 1 through 74 of this Complaint as if set forth herein and further states:

76. Sioux Steel demands an accounting of all earnings and/or income achieved by Prairie Land as a consequence of Prairie Land's manufacture, sale and use of "Bin Gator" bin paddle sweep products which infringes any claim of any of the '937 Patent.

77. Sioux Steel demands an accounting of all earnings and/or income achieved by Prairie Land as a consequence of Prairie Land's false advertising and/or trade libel and/or consumer fraud and deceptive trade practices regarding its "Bin Gator" bin paddle sweep products.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Sioux Steel Company requests a judgment in its favor and against Defendant Prairie Land Millwright Services, Inc. ordering:

A. That Judgment be entered in favor of Plaintiff Sioux Steel Company and against Defendant Prairie Land Millwright Services, Inc. on Counts I through VIII of the Complaint;

B. That Defendant Prairie Land Millwright Services, Inc., and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained

from directly or indirectly making or causing to be made, offering for sale, selling or causing to be sold, or using or causing to be used any product in accordance with or embodying any invention(s) set forth and claimed in the '937 Patent, including each "Bin Gator" paddle sweep products;

  C. That Defendant Prairie Land Millwright Services, Inc. be directed to account to Plaintiff Sioux Steel Company for all gains, profits and advantages realized by Defendant Prairie Land Millwright Services, Inc. from manufacturing and marketing of "Bin Gator" bin paddle sweep products resulting in infringement of the '937 Patent and unlawful use and practice of the invention(s) claimed in and by the '937 Patent, from the beginning of marketing the "Bin Gator" bin paddle sweep products, and other products or necessary accessories sold in connection therewith, and other products which infringe the '937 Patent and accessories sold therewith, up to and including the time of trial;

  D. That, in addition, Defendant Prairie Land Millwright Services, Inc. be ordered to pay to Plaintiff Sioux Steel Company, pursuant to 35 U.S.C. § 284, such damages as have been sustained by Plaintiff Sioux Steel Company as a result of said infringement by Defendant Prairie Land Millwright Services, Inc. up to the time of trial (including but not limited to Sioux Steel Company's lost profits), but in no event less than a reasonable royalty for the use made of the inventions by the Defendant Prairie Land Management, Inc., together with interest and costs;

  E. That Defendant Prairie Land Management Services, Inc. be required to recall from any and all channels of trade, any and all packaging, advertising or promotional materials in connection with marketing the "Bin Gator" bin paddle sweep products, including, but not limited to, all necessary and appropriate corrective advertising measures;

  F. That Plaintiff Sioux Steel Company recover its reasonable attorneys' fees under 35 U.S.C. § 285;

  G. That all damages awarded to Plaintiff Sioux Steel Company be trebled by the Court pursuant to 35 U.S.C. § 284;

  H.  That Plaintiff Sioux Steel Company recover its costs and disbursements herein;

  I.  That Plaintiff Sioux Steel Company recover prejudgment interest;

  J.  That, pursuant to 15 U.S.C. § 1116(a) and Illinois State Law, Prairie Land and all its employees, servants, agents, distributors and persons in active concert with them be enjoined from engaging in the false and misleading commercial advertising and promotional activities complained of herein;

  K.  That Sioux Steel be awarded monetary relief in an amount to be fixed by the Court for violation of the Lanham Act and Illinois State law in its discretion, including:

   a. All profits received by Prairie Land from sales and revenues of any kind made as a result of its false advertising and/or trade libel and/or consumer fraud and deceptive trade practices;

   b. ***All damages sustained by Sioux Steel as a result of Prairie Land's acts, and that such damages be trebled pursuant to 15 U.S.C. § 1117;***

   c. An amount sufficient to engage in corrective advertising to counter the false and misleading statements of Prairie Land, in an amount not less than the total advertising dollars spent by Prairie Land in engaging in the wrongful advertising and promotion;

   d. Enhanced and punitive damages due to the willful and wanton nature of the allegations herein; and

   e.  Interest, and costs and attorney's fees;

  **L.**  That Plaintiff Sioux Steel Company be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE**

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: February __, 2016 |    *s/James R. Higgins, Jr.*<br>James R. Higgins, Jr. (Member N.D. Ill. Bar)<br>Augustus S. Herbert (KY Bar No. 83075*)<br>Brantley C. Shumaker (Member, N.D. Ill. Bar)<br>**MIDDLETON REUTLINGER**<br>401 South 4th Street<br>Suite 2600<br>Louisville, KY 40202<br>Phone: (502) 584-1135<br>Facsimile: (502) 561-0442<br>jhiggins@middletonlaw.com<br>aherbert@middletonlaw.com<br>bshumaker@middletonlaw.com<br><br>-and-<br><br>J. Aron Carnahan (Ill. Bar No. 6242642)<br>**HUSCH BLACKWELL, LLP**<br>120 South Riverside – 22nd Floor<br>Chicago IL 60606<br>Phone: (312) 655-1500<br>Fax: (312) 655-1501<br>Aron.carnahan@huschblackwell.com<br><br><br>ATTORNEYS FOR PLAINTIFF<br>SIOUX STEEL COMPANY |
| * APPLICATION FOR ADMISSION TO N.D. ILL. BAR TO BE SUBMITTED |  |

#262148v2