# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SIOUX STEEL COMPANY,

Plaintiff,

v.

PRAIRIE LAND MILLWRIGHT SERVICES, INC. and DUANE CHAON,

Defendants.

Case No. 16-cv-2212

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Before the Court are the remaining issues in Plaintiff Sioux Steel's Motion to Dismiss Defendant Prairie Land's First and Second Counterclaims; to Strike Defendant's Second and Third Affirmative Defenses; and to Rule that Defendant is Estopped from Asserting Certain Invalidity Defenses [140]. For the reasons explained below, the Court grants in part and denies in part Sioux Steel's Motion [140].

### I. Background

This is a patent infringement action case involving U.S. Patent No. 8,967,937 ("the '937 patent"), owned by Sioux Steel. The '937 patent covers a "Modular Storage Bin Sweep System." The sweep is commonly used in a grain silo and can be compared to a massive broom. Prairie Land petitioned for inter partes review (IPR) of the '937 patent. On April 4, 2018, the Patent Trial and Appeals Board (PTAB) issued its final decision, concluding that Prairie Land did not show that claims 1-28 of the '937 patent were unpatentable. On March 29, 2019, the Court ruled on two motions, granting in

1

part and denying in part Sioux Steel's motion for summary judgment, and granting Prairie Land's motion to amend its affirmative defenses and counterclaim. (Dkt. 134). On April 5, 2019, Prairie Land filed its Second Amended Answer, Affirmative Defenses, and Counterclaims. (Dkt. 135).[1]

Sioux Steel moved to dismiss Prairie Land's First and Second Counterclaims under Federal Rule of Civil Procedure 12(b)(6), to strike Prairie Land's Second and Third Affirmative Defenses under Federal Rule of Civil Procedure 12(f), and for an order that Prairie Land is estopped from raising certain invalidity grounds. On May 3, 2019, the Court denied Sioux Steel's Motion to Dismiss insofar as it sought reconsideration of her estoppel decision in the March 29, 2019 order. (Dkts. 134, 143, 147). The remaining issues in the motion are now fully briefed.[2]

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ.

---

[1] This order assumes familiarity with the background contained in the March 29, 2019 decision.

[2] The Court notes that on October 31, 2019, Defendants filed their Answer to Sioux Steel's First Amended Complaint. (Dkt. 166). The Third Affirmative Defense (non-infringement) is now the Fourth Affirmative Defense in the amended answer, but for ease of reference in this opinion the Court refers to that defense as the Third Affirmative Defense. This Court's ruling is not changed by Defendants' amended answer at Dkt. 166.

2

P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp.,* 763 F.3d at 700.

A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)). "There is no requirement for [plaintiff] to 'prove its case at the pleading stage.'…[Federal Circuit] precedent requires that a complaint place the alleged infringer 'on notice of what activity . . . is being accused of infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because they "potentially serve only to delay," and so affirmative defenses "will be stricken only when they are insufficient on the face of the pleadings." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). To survive a motion to strike, an affirmative defense must

be adequately pleaded and withstand a Rule 12(b)(6) challenge. *See Maui Jim, Inc. v. SmartBuy Guru Enters.*, 386 F. Supp. 3d 926, 937 (N.D. Ill. 2019) (citations omitted). The *Twombly* and *Iqbal* pleading standard applies to affirmative defenses. *Id*.

### III. Analysis

Prairie Land's First Counterclaim alleges that the '937 Patent is invalid and unenforceable. Its Second Counterclaim alleges that some or all of Prairie Land's products do not infringe, induce infringement, or contribute to the infringement of any claim of the '937 Patent. Prairie Land's Second Affirmative Defense asserts that the '937 Patent invalid and unenforceable. The Third Affirmative Defense asserts that some or all of Prairie Land's products do not infringe, induce infringement, or contribute to the infringement of any claim of the 937 Patent. There are scant factual allegations in support of these claims. (Dkt. 135 at par. 80-87). In its motion, Sioux Steel argues that the counterclaims are conclusions that do not contain sufficient factual allegations to state a plausible claim, and that the allegation that the patent is unenforceable does not meet the heightened Rule 9(b) pleading standard. Sioux Steel contends that the two affirmative defenses are deficient for the same reasons.

#### A. First Counterclaim and Second Affirmative Defense: Invalidity and Unenforceability.

Sioux Steel argues that Prairie Land's allegation that the '937 Patent is unenforceable fails to satisfy the heightened pleading standard of Rule 9(b). Prairie Land does not address this argument in its response brief. (Dkt. 153). The Court agrees with Sioux Steel. As the Federal Circuit explained in *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312 (Fed. Cir. 2009), "inequitable conduct, while a

4

broader concept than fraud, must be pled with particularity under Rule 9(b)" (internal citation and quotations omitted). The elements of inequitable conduct are: "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the [Patent and Trademark Office]." *Id*. at 1327 n.3. Pleading with particularity in this context "requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id*. at 1327.

Here, Prairie Land fails to provide any factual allegations in its Second Amended Answer to support the conclusion that the '937 Patent is unenforceable. Prairie Land does not identify the who, what, when, where, and how of any alleged material misrepresentation or omission by Sioux Steel. *See Medline Indus. v. C.R. Bard, Inc.*, 2018 U.S. Dist. LEXIS 154408, at *18 (N.D. Ill. Sep. 11, 2018) (granting the motion to dismiss inequitable conduct counterclaims). Accordingly, Court also grants the motion to strike the allegation in the Second Affirmative Defense that the '937 Patent is unenforceable. *See id*. ("the affirmative defenses are simply an alternative pleading of its counterclaims and incorporates the content of those counterclaims, [so] they 'rise or fall together.'") (citations omitted).

Turning to invalidity, Sioux Steel contends that Prairie Land's assertions do not contain sufficient factual allegations or citation to any prior art to make those allegations plausible. Here Rule 12(b)(6) applies. Thus "[t]he relevant question [is]

whether the complaint contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 827 (7th Cir. 2015) (internal citations and quotations omitted). A party need not "'prove its case at the pleading stage.'" *Lifetime Indus., Inc.*, 869 F.3d at 1379. Prairie Land's allegations are sufficient.

Sioux Steel relies on *Cleversafe, Inc. v. Amplidata, Inc.*, but in that case, defendant's invalidity counterclaims relied on "all of the United States patent laws" and did not allege invalidity "for any specific reason or under any certain statutory provision." 2011 U.S. Dist. LEXIS 145995, at *4 (N.D. Ill. Dec. 20, 2011). Prairie Land's answer here is not so generic. "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (reversing dismissal of patent complaint under dismissal under Rule 12(b)(6)). Moreover, given the allegations and the procedural history of this case, which has been litigated for more than three years before this Court and the PTAB, Sioux Steel has fair notice of Prairie Land's claims.[3]

Indeed this Court already discussed in detail the PTAB ruling and its implications for this case, and denied Sioux Steel's summary judgment motion as to infringement

---

[3] In addition, the Court may take judicial notice of court filings and other matters of public record "when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017); *see also* Fed. R. Evid. 201(b)(2). Therefore for purposes of resolving the present motion the Court can take judicial notice of Prairie Land's IRP Petition and the PTAB ruling.

and granted the motion as it pertains to the validity of the '937 Patent on ground one (but not for the two petitioned but not instituted grounds two and three). (Dkt. 134). The Court also ruled that Prairie Land is estopped from raising its "instituted" ground one again. (*Id.*). Moreover, the parties have been making their disclosures in compliance with the Local Patent Rules, and have now served their Final Infringement and Invalidity Contentions and responses. (Dkts. 152, 163).

Finally, Sioux Steel's estoppel argument has already been addressed. The Court ruled that estoppel does not bar grounds that were petitioned to but not instituted by the PTAB. (Dkts. 134, 147).

Therefore, the First Counterclaim based on unenforceability is dismissed. The First Counterclaim based on invalidity is permitted to proceed. The Second Affirmative Defense claiming the patent is unenforceable is stricken; the portion of the Second Affirmative Defense claiming that the patent is invalid remains.

### B. Second Counterclaim and Third Affirmative Defense (Non-infringement)

Prairie Land's Second Counterclaim and Third Affirmative Defense allege non-infringement:

> Some or all of Prairie Land's products do not infringe, induce infringement, or contribute to the infringement of any claim of the 937 Patent because, *inter alia*, Prairie Land does not make, use, sell, offer to sell, import, or otherwise engage in any prohibited activities involving any bin paddle sweep products having the claimed elements as recited in the 937 Patent. Prairie Land pleads non-infringement as an affirmative defense pursuant to 35 U.S.C. § 282 and expressly states that the burden of proof on the issue of infringement remains on Sioux Steel at all times.

(Sec. Am. Answer ¶¶ 81, 88). These allegations are sufficiently pled, and for the same reasons discussed related to the First Counterclaim and Second Affirmative Defense, *supra*, the Second Counterclaim and Third Affirmative Defense will not be dismissed or stricken.

## IV. Conclusion

For the stated reasons, Sioux Steel's Motion [140] is granted in part and denied in part.

Status hearing remains set for January 7, 2020 at 10:30 am.

E N T E R:

Dated: November 4, 2019

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

8