UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sioux Steel Company,<br><br>        Plaintiff,<br><br>        v.<br><br>Prairie Land Mill Wright Services and Duane Chaon,<br><br>        Defendants. | Case No. 16-cv-2212<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sioux Steel Company sues Defendants Prairie Land Mill Wright Services and Duane Chaon for patent infringement. The parties bring various motions in limine in advance of trial. This Court rules as follows:

### LEGAL STANDARD

District courts maintain "broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002) *see also DiPerna v. Chicago Sch. of Pro. Psychology*, 893 F.3d 1001, 1009 (7th Cir. 2018). The Federal Rules of Civil Procedure do not explicitly address motions *in limine*, but power is inherently vested in district courts in order to ensure just, speedy, and inexpensive dispute resolutions. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) ("Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."). "Motions *in*

1

*limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). During trial, however, the presiding judge "is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42; *see also Ohler v. U.S.*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial.").

## ANALYSIS[1]

### I. Defendants' Motion in Limine

Defendants move for an order dismissing with prejudice Plaintiff's infringement claims relating to claims 2–28 of Plaintiff's '937 Patent. [407]. Defendants state that they have reviewed Plaintiff's proposed jury instructions and verdict form which are directed only at claim 1 of the Patent, and thus assume that Plaintiff has abandoned its infringement claims relating to claims 2–28 of the Patent.

Plaintiff counters, however, that it has not abandoned such claims and expects to prevail on those claims because Defendants have not presented any evidence of non-infringement as to those claims. Plaintiff furthers explains that it did not include jury instructions relating to the other claims because it expected that the parties would stipulate that the only issues remaining for trial are directed at claim 1 given

---

[1] The Court presumes familiarity with, and incorporates by reference, its summary judgment opinion. [395].

2

that Defendants had not previously contested that the dependent claims were not infringed if a jury finds infringement of independent claim 1. [431] at 2.

It is true that a "patentee's announcement that it was no longer pursuing particular claims, coupled with its ceasing to litigate them, was sufficient to remove those claims from the case even without such formalities" such as "formal motion" or "stipulation." *Alcon Rsch. Ltd. v. Barr Lab'ys, Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014). But here, Plaintiff has not announced that it was abandoning the remaining dependent claims. Absent an explicit announcement of abandonment or stipulation of dismissal, this Court will not dismiss Plaintiff's infringement claims relating to claims 2–28 of the Patent. Defendant's motion in limine [407] is therefore **DENIED**.

## II. Plaintiff's Motion in Limine No. 1

Plaintiff moves to exclude evidence, testimony, or argument related to Plaintiff's other litigation, including the *Sukup* litigation. [408-1] at 2–4. Plaintiff argues that the *Sukup* litigation involves Plaintiff's claims of patent infringement against another unrelated defendant on a different patent. *Id.* For their part, Defendants argue that a statement Plaintiff made in the *Sukup* litigation is admissible as an admission of a party-opponent and for impeachment purposes. [440] at 2–3. According to Defendants, Plaintiff asserted in the *Sukup* litigation that "Sukup is a direct competitor of [Plaintiff] with respect to bin paddle sweep products" and is contradictory to Plaintiff's expert, Jeffrey Decker's, opinion in this case that the Sukup paddle is not an acceptable non-infringing alternative. *Id.*

It "may be appropriate to admit evidence of prior litigation, but such evidence must pass muster, like any other evidence, as relevant and probative of an issue in the second case." *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1573 (Fed. Cir. 1993). Here, the statement in the *Sukup* litigation is admissible as a party admission under Federal Rule of Evidence 801(d)(2) and may be relevant to the issue of lost profits, which constitutes one category of compensation for infringement. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed Cir. 2009). A patentee can recover lost profit damages if it can establish four things: (1) demand for the patented product; (2) the absence of acceptable non-infringing alternatives; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of profit it would have made. *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1285 (Fed. Cir. 2017). Whether Sukup is a direct competitor of Plaintiff in the context of grain bin sweeps is relevant to the availability of lost profits, as customers might have purchased Sukup's alternative products instead of Plaintiff's product in the absence of infringement. *See Sonos, Inc. v. D & M Holdings Inc.*, 297 F. Supp. 3d 501, 517 (D. Del. 2017) (explaining that "if the customer might have purchased a different, non-infringing product, the patentee cannot establish entitlement to lost profits for that particular sale").

Moreover, the Court does not believe that introduction of this lone statement from the *Sukup* litigation will be unduly prejudicial or have the tendency to confuse the jury. Fed. R. Evid. 403. Therefore, the Court **DENIES** Plaintiff's Motion in Limine

4

No. 1. The Court will revisit this ruling if Defendants attempt to introduce more evidence from the *Sukup* litigation or any other litigation.

### III. Plaintiff's Motion in Limine No. 2

Plaintiff moves to bar evidence, testimony, or argument concerning invalidity or prior art defenses previously decided by this Court in its summary judgment opinion. [408-1] at 5–7. In response, Defendants state that they will not attempt to reargue the issues that this Court previously decided on summary judgment. [440] at 3. They do, however, object to the exclusion of evidence used in invalidity proceedings in this case that might also be relevant to the other claims and defenses still at issue in this case. *Id.*

Based on the parties' representations, this Court will bar Defendants from re-arguing their invalidity and prior art defenses. But this Court agrees that some evidence relevant to those defenses may be relevant to the remaining pending issues in this case. If Plaintiff has any objection to any specific piece of evidence, it should feel free to raise that objection during trial outside of the presence of the jury. In light of the above, this Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion in Limine No. 2.

### IV. Plaintiff's Motion in Limine No. 3

Plaintiff moves to bar evidence or testimony contradicting the claim construction of the Court or providing claim construction opinions to the jury. [408-1] at 7–9. Plaintiff argues that Defendants have already done so through their expert, Bruce Meyer, *id.*, but the one example it offers from Meyer's expert report does not

5

contradict, but rather explicitly applies, the Court's claim construction ruling. Meyer opines that a "pivot unit" or "drive unit" "configured to carry a portion of the succession of interconnected paddles" means a "unit allowing for pivotability designed to support the weight of a portion of the interconnected paddles." [408-1] at 8. This is consistent with the Court's construction of "pivot unit" as a "unit allowing for pivotability" and of "carry" as "supporting the weight." [230]. For their part, Defendants state that they do not intend to offer any evidence contradicting the Court's claim construction, but they may wish to present the same evidence that was relevant for claim construction to the extent that the evidence remains relevant to the remaining issues in the case. [440] at 3.

Plaintiff's motion is granted as agreed to the extent it seeks to bar Defendants from relitigating this Court's rulings on claim construction or eliciting testimony that contradicts this Court's rulings. *See, e.g., DMF, Inc. v. AMP Plus, Inc.*, No. 218CV07090CASGJSX, 2020 WL 4194099, at *10 n.9 (C.D. Cal. July 17, 2020) (noting that a court's claim construction is law of the case for purposes of trial and that no party may contradict the court's construction to a jury) (citing *Carucel Investments, L.P. v. Novatel Wireless, Inc.*, No. 16-cv-118-H-KSC, 2017 WL 1215838, at *16 (S.D. Cal. Apr. 3, 2017)). During trial, if either side believes the other side is offering evidence or eliciting testimony contrary to the Court's ruling, it should feel free to raise an objection with the Court, outside of the presence of the jury. Defendants, however, will not be barred from using evidence that they previously used in claim

6

construction, to the extent that such evidence remains probative of the remaining issues for trial.

For this reason, this Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion in Limine No. 3.

## V. Defendant's Motion in Limine No. 4

Plaintiff moves to exclude evidence or testimony concerning Defendants' patents or other patent-related filings. [408-1] at 9–10. This Court agrees that evidence of Defendants' patents or patent applications is not relevant to Plaintiff's claims of infringement, nor to Defendants' defenses against infringement. *See Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("[T]he existence of one's own patent does not constitute a defense to infringement of someone else's patent. It is elementary that a patent grants only the right *to exclude others* and confers no right on its holder to make, use, or sell.") (quoting *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.,* 944 F.2d 870, 879 n.4 (Fed. Cir. 1991)).

Evidence of Defendants' patents is, however, relevant to other issues. As "one example, a legitimate attempt to design around a patent and a good faith belief that one has done so may undercut a finding of willfulness." *Illumina Inc. v. BGI Genomics Co.*, No. 20CV01465WHOTSH, 2020 WL 7047708, at *1 (N.D. Cal. Dec. 1, 2020); *see also Canon, Inc. v. Color Imaging, Inc.*, 227 F. Supp. 3d 1303, 1306 (N.D. Ga. 2016) ("Courts have considered several factors in determining whether infringement was willful, including whether the alleged infringer reasonably believed its activities were patentably distinct, whether the alleged infringer attempted to design around

7

the patent, and whether the alleged infringer mounted good faith, nonfrivolous defenses to the existence of infringement."); *Retractable Techs. Inc. v. Becton, Dickinson & Co.*, No. 2:07-CV-250, 2009 WL 8725107, at *8 (E.D. Tex. Oct. 8, 2009) ("Defendants should be allowed to present evidence of independent development to rebut allegations that Defendant willfully infringed or that Defendant copied Plaintiffs' technology."). This evidence is highly relevant and is not outweighed by the danger of jury confusion. Any "potential confusion—the risk of which the Court views as minimal—can be appropriately addressed by a limiting instruction to the jury." *Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, No. 18-CV-12029-ADB, 2022 WL 10489059, at *4 (D. Mass. Oct. 17, 2022) (denying motion in limine to bar evidence of defendant's patents as relevant to willful infringement, among other things).

For these reasons, this Court **DENIES** Plaintiff's motion in limine No. 4.

VI. **Plaintiff's Motion in Limine No. 5**

Plaintiff moves to bar evidence, testimony, or argument comparing its products to Defendants' products. [408-1] at 10–11. Plaintiff is correct that infringement "is determined by comparing the accused devices not with products made by the patentee but with the claims of the patent as properly construed." *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1351 (Fed. Cir. 2002). Thus, generally, it would be error to allow a jury to determine infringement by comparing an accused product to the patentee's commercial embodiment of the invention. *Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994). But "when a commercial product meets all the claim limitations, then a comparison [of the accused product] to

8

that [commercial] product may support a finding of infringement." *TEK Glob., S.R.L. v. Sealant Sys. Int'l, Inc.*, 920 F.3d 777, 788 (Fed. Cir. 2019) (alterations in original) (quoting *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1289 (Fed. Cir. 2010)).

Here, Defendant argues that Plaintiff's expert, Jeffrey Decker, asserts that its commercial embodiments including the Daay Bin Paddle Sweep, the Extrac Dual Paddle Sweep, and the DPS 12K practice every element of claims 1, 3, 4, 6, 7, 12, 14, 15, 16, 19, 21, and 23 of the Patent. [440] at 12. Under these circumstances, it is not error to allow Defendants to introduce evidence comparing their products to Plaintiff's. *See TEK*, 920 F.3d at 788–89 (holding that the district court did not err in allowing evidence of product-to-product comparison); *see, e.g.*, *Summer Infant (USA), Inc. v. TOMY Int'l, Inc.*, No. CV 17-549MSM, 2022 WL 3909285, at *13 (D.R.I. Aug. 31, 2022) (noting that it is "is permissible to support infringement arguments when . . . the commercial embodiment meets all of the limitations of at least one claim").

This Court notes Plaintiff's concern that admitting this evidence will confuse the jury and will distract it from applying the correct legal standard in the context of infringement—comparing the Accused Products to the Patent claims. [408-1] at 11. But the jury instructions will make clear the appropriate standard, thus mitigating that confusion. *See TEK*, 920 F.3d at 789 (approving a jury instruction, as follows: "You've heard evidence about both TEK's product and SSI's product. However, in deciding the issue of infringement, you may not compare SSI's Accused Product to

9

TEK's product. Rather, you must compare SSI's Accused Product to the claims of the '110 Patent when making your decision regarding patent infringement.").

In light of the above, this Court **DENIES** Plaintiff's Motion in Limine No. 5.

### VII. Plaintiff's Motion in Limine No. 6

Plaintiff moves to bar evidence, testimony, or argument of design changes to the Accused Sweep that Defendants have not disclosed. [408-1] at 11–13. However, Plaintiff does not specifically identify any design changes that Defendants intend to offer that they did not previously disclose. Defendants also state that they have disclosed all information regarding design changes in response to interrogatories, through document productions, and in deposition testimony. [440] at 14. Defendants do not intend to (and are not permitted to) surprise Plaintiff at trial with undisclosed evidence regarding design changes. This Court **DENIES AS MOOT** Plaintiff's Motion in Limine No. 6.

### VIII. Plaintiff's Motion in Limine No. 7

Plaintiff moves to exclude evidence, testimony, or argument that Defendants relied on the advice of counsel as a defense to infringement or willfulness. [408-1] at 13–14. Pursuant to the Court's scheduling order [152], the deadline for Defendants to disclose all written opinions of counsel upon which they rely was seven days after the Court's claim construction ruling. *Id.* at 10–11. Defendants concede that they did not disclose any advice of counsel defenses and will not be relying on an advice of counsel defense at trial. In light of this concession, this Court **GRANT AS AGREED** Plaintiff's motion in limine no. 7.

## CONCLUSION

For the stated reasons, the Court denies Defendants' motion in limine for an order dismissing Plaintiff's infringement claim as to claims 2–28 of the Patent [407] and makes the following rulings with respect to Plaintiff's motions in limine [408]: motion in limine no. 1 to bar evidence relating to other litigation is denied; Plaintiff's motion in limine no. 2 to bar evidence relating to invalidity and prior art defenses is granted in part and denied in part; motion in limine no. 3 regarding claim construction is granted in part and denied in part; motion in limine no. 4 concerning Defendants' patents is denied; motion in limine no. 5 barring comparisons of products is denied; motion in limine no. 6 regarding undisclosed design changes is denied as moot; and motion in limine no. 7 regarding advice of counsel is granted as agreed.

E N T E R:

Dated: November 18, 2022

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge