**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**
*(Electronically Filed)*

| | |
|---|---|
| SIOUX STEEL COMPANY ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> PRAIRIE LAND MILLWRIGHT SERVICES, ) <br> INC., et al. ) <br> ) <br> Defendants ) <br> ) | Civil Action No. 1:16-cv-2212 <br> Judge: Mary M. Rowland |

**PERMANENT INJUNCTION**

Upon consideration of Plaintiff Sioux Steel Company's ("Sioux Steel") Motion for Permanent Injunction ("Motion") against Defendants Prairie Land Millwright Services, Inc. ("Prairie Land") and Duane Chaon ("Chaon") (collectively, "Defendants") and having reviewed the papers filed in support of and in opposition to the Motion, and being fully advised, it is hereby ORDERED that Sioux Steel's Motion is GRANTED as follows:

WHEREAS a jury trial was held in the above-captioned matter from December 12, 2022 to December 22, 2022;

WHEREAS the jury found, among other things, that Prairie Land directly infringes Sioux Steel's U.S. Patent No. 8,967,937 ("the '937 Patent) and that Prairie Land's infringement is willful; and that Chaon indirectly infringes the '937 Patent by inducing Prairie Land's infringement and that Chaon's infringement is willful; and

WHEREAS, based on the submissions in connection with this Motion and the record in this action, the Court concludes that Sioux Steel has shown that it would suffer from irreparable harm from Defendants' continued direct and indirect infringement, that remedies available at law

are inadequate to compensate for that injury, and that the balance of equities and public interest favor the protection of Sioux Steel's patent rights.

NOW THEREFORE, having considered the entire record in this action, the verdict of the jury and the papers submitted by the parties, and good cause having been shown, IT IS HEREBY ORDERED that the Defendants Prairie Land and Chaon, any of their subsidiaries, officers, directors, agents, servants, employees, corporate parents, subsidiaries, and affiliates, and those persons in active concert or participation with any or all of them who receive actual notice of this Permanent Injunction (all of said individuals and entities being referred to herein as "Enjoined Parties") are hereby permanently enjoined and restrained from infringing, whether directly or indirectly, the '937 Patent, until the expiration of the patent.

IT IS FURTHER ORDERED that during the time period that this injunction is applicable, the Enjoined Parties are permanently enjoined and restrained from:

(a) making, using, importing, selling, and/or offering to sell in the United States any modular storage bin paddle sweep product that constitutes or includes any reproduction, copy, or colorable imitation of the sweep claimed in the '937 Patent and that contains each and every claimed element of claim 1 of the '937 Patent, including a pivot structure containing a pin or shaft that allows for movement about such pin or shaft and including a pivot unit configured to carry a portion of the succession of interconnected paddles, which phrase means a "unit allowing for pivotability configured to support the weight of a portion of the succession of interconnected paddles", and any product not colorably different from the foregoing (collectively, "Enjoined Products"); and/or

(b) assisting, encouraging, or inducing others in making, using, importing, selling, and/or offering to sell in the United States any Enjoined Products and/or any product or device that includes any Enjoined Products, including, without limitation, the following:

(i) advertising, marketing, or otherwise promoting Enjoined Products and/or any product or device that includes any Enjoined Products; (ii) entering or fulfilling product orders, or setting, determining, or approving terms of sale, for Enjoined Products and/or any product or device that includes any Enjoined Products; and/or (iii) negotiating or entering into licensing, representative, reseller, or distributor agreements relating to Enjoined Products and/or any product or device that includes any Enjoined Products.

Nothing is this Permanent Injunction shall prohibit the Enjoined Parties from providing service or technical support for a non-Enjoined Product or for an Enjoined Product sold prior to December 22, 2022.

IT IS FURTHER ORDERED that, within 15 days from the date of this signed Permanent Injunction, Prairie Land and Chaon shall provide a copy of this Permanent Injunction to the Enjoined Parties, including any and all manufacturers, distributors, retailers, service providers, licensees, and other persons who have been, or are reasonably expected to be, directly or indirectly involved in the making, using, selling, offering for sale or importing of any Enjoined Products or any product or device containing any Enjoined Products, including but not limited to any individual or entity to which Prairie Land has previously directly or indirectly sold or offered for sale one or more of the Enjoined Products, and any individual or entity to which Prairie Land intends in the future directly or indirectly to sell or offer for sale one or more of the Enjoined Products.

IT IS FURTHER ORDERED that, within 15 days from the date of this signed Permanent Injunction, Prairie Land shall file with the Court and serve on all parties a notice stating the name and address of each party that it has notified in compliance with this Order.

The Court specifically retains jurisdiction to enforce, modify, extend, or terminate this Permanent Injunction as the equities may require upon a proper showing, and to adopt procedures for resolution of any dispute regarding whether a product not specifically covered by this Permanent Injunction is more than colorably different from the adjudged infringing products.

So ORDERED this 30th day of October, 2023.

*Mary M Rowland*

Hon. Mary M. Rowland
USDC Northern District of Illinois

TENDERED BY:

 *s/ Robert J. Theuerkauf*
Robert J. Theuerkauf (Member, N.D. Ill. Bar)
Brian P. McGraw (Member, N.D. Ill. Bar)
Matthew P. Dearmond (Member, N.D. Ill. Bar)
Megan E. Gibson (*pro hac vice*)
**GRAY ICE HIGDON, PLLC**
4600 Shelbyville Road, #8022
Louisville, KY 40257
Phone: (502) 677-4729
rjt@grayice.com
bmcgraw@grayice.com
mdearmond@grayice.com
mgibson@grayice.com

-and-

J. Aron Carnahan
Philip D. Segrest, Jr.
**HUSCH BLACKWELL, LLP**
120 South Riverside – 22d Floor
Chicago IL 60606
Phone: (312) 655-1500
Fax:     (312) 655-1501
aron.carnahan@huschblackwell.com
Philip.segrest@huschblackwell.com
*COUNSEL FOR PLAINTIFF*